**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANK TUFANO<br><br>Plaintiff,<br><br>v.<br><br>ROMAN STEPHEN NELSON, et al.,<br><br>Defendants. | CIVIL NO. 3:26-CV-542<br><br>(Magistrate Judge Latella) |

**REPORT AND RECOMMENDATION**

## I. Introduction

Frank Tufano, is a "YouTuber" who promotes the "Carnivore Diet." In several previously filed lawsuits in this Court, all of which have been dismissed, Tufano alleged that Paul Saladino, M.D. has maliciously copied and used Tufano's life work and discredited him. See *Tufano v. Saladino*, et al., No. 3:25-CV-262, 2025 WL 5100589, (M.D. Pa. Feb. 28, 2025), *report and recommendation adopted*, No. CV 3:25-00262, 2025 WL 5100590 (M.D. Pa. Apr. 29, 2025) ("*Tufano* I"); *Tufano v. Saladino*, No. 3:25-CV-1400, 2026 WL 796584, (M.D. Pa. Feb. 3, 2026), *report and recommendation adopted*, No. 3:25-CV-1400, 2026 WL 793305 (M.D. Pa. Mar. 20, 2026) ("*Tufano* II"); *Tufano v. Saladino*, No.

4:25-CV-1960, 2025 WL 4102909, (M.D. Pa. Dec. 23, 2025), *report and recommendation adopted,* No. 4:25-CV-01960, 2026 WL 288410 (M.D. Pa. Feb. 3, 2026) ("*Tufano* III"). In these previous matters, Tufano has also alleged that several others conspired with and aided Saladino in stealing Tufano's work and discrediting him.[1] Tufano apparently made the same or similar accusations against Saladino in other forums as well. On November 7, 2020, Saladino brought suit against Tufano in the United States District Court for the Southern District of New York, *Saladino v. Tufano*, et al., Civ. No. 7:20-CV-9346, and won a default judgment enjoining Tufano from, *inter alia*, "making public statements referencing that [Saladino] copied, plagiarized, stole or otherwise improperly used [Tufano's] or any other third party's work" on January 30, 2025. *See Tufano II*, 2026 WL 796584 at *1. In his previous actions against Saladino in this Court, Tufano also alleged that Jeffrey Davis, Esq., who represented Tufano in the SDNY case and David D. Lin, Esq.,

[1] Included in the list of alleged co-conspirators are "the Illuminati," the Freemasons, White Plains Lodge #473, Jeffrey Davis, Esq., and David D. Lin, Esq. Tufano added the Honorable Karoline Mehalchick as a defendant in Civil Number 4:25-CV-1960 because she dismissed *Tufano I*.

who represented Saladino in the SDNY case, conspired together and with others to fraudulently obtain the judgment against Tufano in that case.[2]

In this, his fourth case along the same lines, Tufano now alleges that two of the federal judges involved in the Southern District of New York case, District Judge Nelson S. Roman and Chief Magistrate Judge Judith C. McCarthy (the "Judicial Defendants") acted outside of their judicial capacity and conspired with the other Defendants to obtain a fraudulent judgment against him. (Doc. 1-1). He asserts that the Judicial Defendants are "members of Freemasonry, a secret society with religious beliefs that, to Frank Tufano's understanding, require them to strongly oppose any outsider." (Doc. 1-1, p. 4). Because Frank Tufano does not belong to Freemasonry, he asserts the Defendants acted to harm him. (*Id.*). Plaintiff also names White Plains Lodge #473 as a defendant because "all decisions were placed in the hands of an individual judge who may or may not have attended meetings at a

---

[2] Tufano alleged that these lawyers, and all lawyers, are members of the Freemasons and other secret societies who take loyalty oaths and Tufano belongs to no such groups.

Masonic Lodge to discuss case decisions in secrecy."[3] (Doc. 1-1, p. 10). These very claims were the subject of *Tufano I*, *II*, and *III*.

Currently pending are Motions to Dismiss filed by the Judicial Defendants and the White Plains Lodge. Because Judges Nelson S. Roman and Judith C. McCarthy are entitled to absolute judicial immunity and because no cognizable claim has been pled against White Plains Lodge #473, it will be recommended that the Motions to Dismiss filed by these Defendants be granted. Additionally, the Court notes that the claims raised herein against White Plains Lodge #473, Saladino, Davis and Lin have been addressed on their merits and dismissed with prejudice in *Tufano II*, it will therefore be recommended that the issue of claim preclusion be raised *sua sponte*, and that the claims against these Defendants be dismissed with prejudice.

[3] In addition to the Judicial Defendants and White Plains Lodge, Plaintiff again names Jeffrey Davis, Davil Lin and Paul Saladino as defendants. Davis, Lin and Saladino have not filed a responsive pleading to the Complaint and service appears to be an issue.

## II. Procedural Background

The Plaintiff initiated this action by filing a Complaint in the Court of Common Pleas of Lackawanna County on February 6, 2026. (Doc. 1-1). The Judicial Defendants, Roman Stephen Nelson and Judith C. McCarthy, filed a Notice of Removal on March 4, 2026. (Doc. 1). On March 11, 2026, the Judicial Defendants filed a Motion to Dismiss and a supporting brief on March 25, 2026. (Docs. 3 and 4). Plaintiff filed an opposing brief on March 31, 2026. (Doc. 5). On June 16, 2026, White Plains Lodge filed a Motion to Dismiss along with a supporting brief. (Docs. 11 and 12). Plaintiff filed a brief in opposition on June 29, 2026. (Doc. 14). Both motions are ripe for disposition.

## III. Factual Background

As noted above, in a trilogy of previously filed cases, Plaintiff alleged, *inter alia*, that the judgment obtained against him in the Southern District of New York in *Saladino v. Tufano*, et al., Civ. No. 7:20-CV-9346 was fraudulently obtained. In those three cases, Plaintiff alleged that the lawyers involved in the SDNY case, Davis and Lin, conspired with others consistent with their membership in secret

societies. Here, Plaintiff reasserts his claims against the lawyers (although those claims have been thrice dismissed) and adds two SDNY judges as well as a Lodge where the judges and others may have met.

The instant Complaint contains a detailed recitation of the oath purportedly taken by members of the Freemasons, but only conclusory allegations against the moving Defendants. With regard to the Judicial Defendants, Plaintiff alleges:

> Judicial officials have acted outside their judicial capacity and have violated Frank Tufanos civil rights[.]
>
> All defendants are members of Freemasonry, a secret society with religious beliefs that, to Frank Tufano's understanding, require them to strongly oppose any outsider.
>
> Because Frank Tufano chooses not to believe in Freemasonry, he is being discriminated against for his personal and religious beliefs. These defendant individuals acted as Religious Freemasons to intentionally harm Frank Tufano for not belonging to Freemasonry himself.
>
> These defendant individuals achieved a fraudulent judgment against Frank Tufano, in a lawsuit that should be considered a hate campaign against Frank Tufano, by conspiring together as freemasons to violate his civil rights.

(Doc. 1-1, pp. 4-5).

The Complaint then described, in detail, various oaths purportedly taken by Freemasons. (*Id.* at pp. 5-6). Plaintiff asserts that the Defendants "conspired together to commit fraud against Frank Tufano filing perjured documents and submitting fraudulent financial statements to find Frank Tufano 'guilty' of civil statutes he did not commit. Judicial officials knowingly acknowledged perjured service documents to enter a default against Frank Tufano, resulting in no trial, and a fraudulent judgement against Frank Tufano." (*Id.* at p. 8). Plaintiff avers that "judicial officials knew that all of the documents and actions committed by Paul Saladino and his attorney were fraudulent, however refused to acknowledge this fraud to harm Frank Tufano by finding him guilty of crimes he did not commit." (*Id.*). Plaintiff asserts that the Judicial Defendants ignored the malpractice and legal fraud committed against him." (*Id.* at p. 9). He avers that the Defendants "involved in '*Saladino, MD v. Frank Tufano* No.7 :2020cv09346' conspired against Frank Tufano oppressing him of his First and Seventh Amendment Rights." (*Id.*). The only reference, although tangential, to Defendant White Plains Lodge is that: "The members of this case had no intention of giving Frank Tufano a fair trial as it is

irrelevant to their sworn oaths to defend their fellow freemason members, all decisions were placed in the hands of an individual judge who may or may not have attended meetings at a Masonic Lodge to discuss case decisions in secrecy." (*Id.* at p. 10).

## IV. Discussion

The claims raised in the instant Complaint mirror those raised in *Tufano I*, *II*, and *III*, only here, the Judicial Defendants are added. After setting forth the applicable legal standards, each claim will be addressed *seriatim* after which judicial immunity and claim preclusion will be discussed.

### A. Standard Applicable in Deciding a 12(b)(6) Motion

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This means that a complaint may be dismissed if it does not present sufficient facts to support a plausible claim: "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the

plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

The court must accept both the plaintiff's allegations and any reasonable inferences that can be drawn as true and construe them in the light most favorable to the non-moving party. *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). However, it need not accept "'unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.'" *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Reciting the elements that make up a cause of action and supporting them with "mere conclusory statements" is insufficient to give those statements the presumption of truth. *McNeilly v. City of Pittsburgh*, 40 F. Supp. 3d 643, 650 (W.D. Pa. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When faced with a motion to dismiss pursuant to 12(b)(6), a court should conduct a two-part analysis: 1) separate the factual and legal elements of a claim; and 2) "determine whether the facts alleged in the

complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* (internal citation removed). The court may consider facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellab, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). This analysis requires the court to look at the claims on a case-by-case basis and rely both "on its judicial experience and common sense." *McNeilly*, 40 F. Supp. 3d at 650. The court will not be reaching legal conclusions, but instead will merely determine "whether the plaintiff should be permitted to offer evidence in support of the allegations." *Id.* (citing *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000)).

**B. Plaintiff's Claims**

**i. Fraud**

Plaintiff seeks to bring a claim for the tort of Fraud. In support, he alleges the Defendants: "conspired together to commit fraud against Frank Tufano filing perjured documents and submitting fraudulent financial statements to find Frank Tufano 'guilty' of civil statutes he did

not commit. Judicial officials knowingly acknowledged perjured service documents to enter a default against Frank Tufano, resulting in no trial, and a fraudulent judgement against Frank Tufano." (*Id.* at p. 8).

As explained in *Tufano II*:

> In Pennsylvania, "[f]raud is actionable in tort." *V-Tech Servs., Inc. v. St.*, 72 A.3d 270, 275 (Pa. Super. 2013). "The elements of fraud, or intentional misrepresentation, are (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *Miller v. Daly*, No. 14 EDA 2025, 2025 WL 3765442, at *4 (Pa. Super. Ct. Dec. 30, 2025) (quoting *Presbyterian Med. Ctr. v. Budd*, 832 A.2d 1066, 1072 (Pa. Super. 2003)). "The essence of fraud is a misrepresentation fraudulently uttered with the intent to induce the action undertaken in reliance upon it, to the damage of its victim." *Id.* "Additionally, under the Federal Rules of Civil Procedure there is a heightened pleading standard for fraud, as required by Rule 9(b), which provides that 'a party must state with particularity the circumstances constituting fraud.'" *DCD Nucar Alni LLC v. Rothrock Motor Sales*, Inc., No. 5:25-CV-4327, 2025 WL 3516667, at *6 (E.D. Pa. Dec. 8, 2025) (quoting Fed. R. Civ. P. 9(b)) (emphasis in the original). "Consequently, it is necessary to plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation and must allege who made a misrepresentation to whom and the general content of the misrepresentation. The purpose of the heightened

> standard is to provide a defendant with notice of the precise misconduct with which he or she is charged and to prevent false or unsubstantiated charges." *Id*. (cleaned up).

*Tufano II*, 2026 WL 796584 at * 4. Here, as in *Tufano II*, Plaintiff has failed to allege a viable cause of action under Pennsylvania law for the tort of fraud. His allegations of fraud are conclusory. Beyond broad and sweeping allegations, Plaintiff has not made any particular allegations to support his claim. He has not alleged that any of the Defendants knowingly made a false statement to him, intending that he rely on it, that he relied on it and was therefore damaged. See *Tufano II,* 2026 WL 796584 at * 4. The Court need not accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quotation omitted). Because the Complaint fails to plead the necessary elements of the tort of fraud and simply makes a bare-boned legal conclusion, it has not stated a cognizable claim for fraud.

**ii. Tortious Interference**

Plaintiff asserts a claim for tortious interference alleging that the Defendants' actions "caused Frank Tufano to lose his business, be

removed from his childhood home, and permanently damage his physical and mental health." (Doc. 1-1, p. 8). Plaintiff continues that "[a]ctions which were filed to address this in the previous case were ignored by the corrupt judicial officials Nelson Stephen Roman and Judith C. Mc[C]arthy." (*Id.*). This claim fails for the same reasons that Plaintiff's similar claim for Tortious Interference failed in *Tufano* II:

> To the extent that a claim for Tortious Interference is brought, it must fail because the essential elements of the tort are not alleged. "A claim for tortious interference with a business relationship requires the plaintiff to plead the following elements: '(1) a prospective contractual relationship; (2) the purpose or intent to harm the plaintiff by preventing the relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damage resulting from the defendant's conduct.' " *Smart Commc'ns Holding, Inc. v. Glob. Tel-Link Corp.*, No. 1:21-CV-01708, 2024 WL 2158676, at *4 (M.D. Pa. May 13, 2024)(quoting *Brokerage Concepts v. United States Healthcare*, 140 F.3d 494, 529–30 (3d Cir. 1998)). Plaintiff has not alleged that any of the Defendants intended, without justification, to interfere with a contractual or potential contractual relationship.

*Tufano* II, 2026 WL 796584 at * 5. Because Plaintiff has not even alleged the existence of a business relationship or prospective contractual relationship that was interfered with, but rather asserts general allegations of damages not remotely related to an existing or

prospective business relationship, a cognizable claim has not been stated.

**iii. Fraudulent Concealment**

Plaintiff next alleges that "judicial officials knew that all of the documents and actions committed by Paul Saladino and his attorney were fraudulent, however refused to acknowledge this fraud to harm Frank Tufano by finding him guilty of crimes he did not commit." (Doc. 1-1, p. 8). "'The tort of intentional non-disclosure has the same elements as intentional misrepresentation except in the case of intentional non-disclosure, the party intentionally conceals a material fact rather than making an affirmative misrepresentation.'" *Tufano II*, 2026 WL 796584, at *6 (quoting *Bortz v. Noon*, 556 Pa. 489, 499, 729 A.2d 555, 560 (1999) (cleaned up)). Plaintiff's fraudulent concealment claim fails for the reasons similar to those outlined above in connection with Plaintiff's claim of intentional misrepresentation (fraud). Plaintiff does not allege that any of the named Defendants withheld material information that was "material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is

true or false; (4) with intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *Miller v. Daly*, *supra* at *4. Accordingly, this claim is subject to dismissal.

**iv. Civil Conspiracy**

As in *Tufano I*, *II*, and *III*, Plaintiff alleges that the Defendants conspired to obtain an illegal judgment against him. But as in *Tufano I*, *II*, and *III*, the instant Complaint makes only speculative and conclusory allegations. Indeed, the Plaintiff asserts that he "*believes* that Defendant parties conspired with court officials to have an agreement to conduct a lawful act accomplished through unlawful means." (Doc. 1-1, p. 8, ¶ 18) (emphasis added). As previously stated in Plaintiff's prior cases:

> To the extent Tufano is asserting a state law claim of civil conspiracy, under Pennsylvania law, he must allege "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." T*egg Corp. v. Beckstrom Elec. Co*., 650 F. Supp. 2d 413,426 (W.D. Pa. 2008) (citing *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987–88 (Pa. Super. Ct. 1997)).

*Tufano II*, 2026 WL 796584 t * 7; *Tufano I*, 2025 WL 5100589. Plaintiff again has made only vague and conclusory allegations which do not support a claim of civil conspiracy.

**v. Plaintiff's Claim Under 18 U.S.C. § 241**

Plaintiff alleged that the Defendants involved in his SDNY case "conspired against Frank Tufano oppressing him of his First and Seventh Amendment Right." This claim too was addressed in *Tufano I*, *II* and *III*. In *Tufano II* and *III*, the undersigned quoted Judge Bloom, who issued the Report and Recommendation in *Tufano I*, as follows:

> As we explained in a prior case Tufano brought before this court, "criminal statutes, such as [18 U.S.C.] § 241, do not provide for a private right of action." *Tufano v. Frankie's Free Range Meat Conspirators*, Civ. No. 3:24-CV-846, 2024 WL 5318269, at *3 (M.D. Pa. Nov. 6, 2024) (citing *Walthour v. Herron*, 2010 WL 1877704, at *3 (E.D. Pa. May 6, 2010) (collecting cases and concluding that § 241 does not provide a private right of action)). Accordingly, Tufano's claim for criminal conspiracy fail as a matter of law.

2025 WL 4102909, at *4 and 2026 WL 796584, at *7 (quoting *Tufano v. Saladino*, et al., No. 3:25-CV-262, 2025 WL 5100589, *3 (M.D. Pa. Feb. 28, 2025), *report and recommendation adopted*, No. CV 3:25-00262,

2025 WL 5100590 (M.D. Pa. Apr. 29, 2025). Because, as explained to Plaintiff now for the fifth time, a federal criminal statute does not provide the basis to form a private cause of action. Accordingly, this claim is frivolous and fails to state a cognizable claim.

### C. Judicial Immunity

As fully described above, the Complaint contains no concrete allegations against the Judicial Defendants. The Complaint speculates, in equivocal terms, that the Judicial Defendants may belong to secret societies and may have taken oaths which would require them to make decisions against Tufano. However, the actions complained of deal with the adjudication of "*Saladino, MD v. Frank Tufano* No.7 :2020cv09346." (See Doc. 1-1, p. 9, ¶ 23). Although the Complaint makes a bald assertion that the Judicial Defendants "acted outside their judicial capacity and have violated Frank Tufanos civil rights," (doc. 1-1. p. 4), the Complaint makes no allegations against either Judge Nelson or Judge McCarthy to support that conclusion.

"It is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him or her, shall be free to act upon his or her own

convictions, without apprehension of personal consequences." *Crisdon v City of Camden*, No. CV 26-482, 2026 WL 2225494, at *4 (D.N.J. Aug. 3, 2026) (quoting *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1872)). "Accordingly, judges are 'absolutely immune' from suits arising out of acts performed in their judicial capacity, even where those acts are alleged to have been erroneous, malicious, or in excess of authority." *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 354 (1978).

"Both judges of general and limited jurisdiction, including magisterial district judges, are entitled to judicial immunity." *McClinton v. Colon*, No. 3:25CV1482, 2025 WL 2618774, at *3 (M.D. Pa. Sept. 10, 2025) (citing *Figueroa v. Blackburn*, 208 F.3d 435, 441 (3d Cir. 2000) (emphasis added). "Generally, where a court has some subject matter jurisdiction, there is sufficient justification for immunity purposes." *Id.* (cleaned up). The Court must "engage in a two-part inquiry to determine whether judicial immunity is applicable. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not

immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Gallas*, 211 F.3d at 768.

Because Defendants Judge Nelson S. Roman and Judge Judith C. McCarthy "enjoy[] absolute judicial immunity for actions taken in [their] judicial capacity, we must decide whether the Complaint set forth allegations that, taken as true, establish that the application of an exception to the doctrine of absolute judicial immunity is above the speculative level." *Kirkland v. DiLeo*, 581 F. App'x 111, 114 (3d Cir. 2014) (cleaned up). The actions complained of on the part the Judicial Defendants involve the adjudication of Saladino's case against Tufano in the Southern District of New York in *Saladino v. Tufano*, et al., Civ. No. 7:20-CV-9346. "A judge is immune from all liability for actions taken in his or her judicial capacity, even those alleged to have been done maliciously or corruptly, unless such action is taken in the absence of all jurisdiction." *Reid v. Munley*, No. 25-3028, 2026 WL 1972180, at *1 (3d Cir. July 8, 2026). Here both judges sit in the United States District Court for the Southern District of New York. Their actions in adjudicating *Saladino v. Tufano*, et al., Civ. No. 7:20-CV-9346 clearly fall within the scope of their judicial duties and they acted within their

proper jurisdiction. Accordingly, they are absolutely immune from the claims brought in this suit.

### D. Claim Preclusion

#### *1. Claim Preclusion Can be Raised Sua Sponte*

"Though *res judicata* is an affirmative defense, it is appropriate for a court to raise the issue *sua sponte* if the court is on notice that it has decided the issue previously. *Curbison v. United States*, No. 25-2893, 2026 WL 788901, at *1, n. 2 (3d Cir. Mar. 20, 2026) (citing *Arizona v. California*, 530 U.S. 392, 412 (2000)). *See also Garcia v. Dauphin* Cnty. for Childen & Youth, No. 1:25-CV-00693, 2026 WL 453116, at *5, n. 2 (M.D. Pa. Jan. 21, 2026), *report and recommendation adopted*, 2026 WL 450397 (M.D. Pa. Feb. 17, 2026) ("The Third Circuit has advised that in certain circumstances, *sua sponte* consideration of claim preclusion is appropriate."); *47th & 7th LLC v. Bank of Am., N.A.*, No. CV 25-1930, 2025 WL 1400410 (D.N.J. May 14, 2025) (dismissing complaint with prejudice based on claim preclusion raised *sua sponte*); *Guerrero v. United States*, No. 1:23-CV-01490, 2023 WL 8456122, at *3 (M.D. Pa. Dec. 6, 2023) ("courts may raise the issue of claim preclusion

*sua sponte*") (citing *King v. East Lampeter Twp.*, 69 F. App'x 94, 95–96 (3d Cir. 2003); *Cook v. City of Philadelphia*, No. CV 17-00331, 2019 WL 3233154, at *4 (E.D. Pa. July 18, 2019), aff'd, 846 F. App'x 161 (3d Cir. 2021) (same). Accordingly, "if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *Arizona v. California*, 530 U.S. 392, 412 (2000) (cleaned up).

### 2. *The Claims Raised Here Were Previously Adjudicated*

*Tufano I*, *II* and *III* raise nearly identical claims as those presented here. *Tufano I*, 3:25-CV-262, named Paul Saladino, M.D., Jeffery Davis, Esq., White Plains Lodge #473, and The Illuminati as defendants. In that case, Tufano alleged that Saladino stole his life's work and that Saladino, Davis and the Illuminati conspired against him to obtain the judgment in "Saladino, MD v. Frank Tufano No.

7:2020cv09346." He alleged that White Plains Lodge #473 was the likely place of the secret meetings. *Tufano I* was dismissed without prejudice for failure to state a claim by Order dated April 29, 2025, and Plaintiff was given leave to file an Amended Complaint. (3:25-CV-262, Doc. 7). On June 11, 2025, the case was dismissed without prejudice because Plaintiff failed to file an amended complaint. (*Id*. Doc. 9).

*Tufano II* followed. *Tufano II* named Paul Saladino, M.D., Jeffrey Davis, Esq., David Lin, Esq., White Plains Lodge #473 and The Illuminati as defendants. *Tufano II* raised the identical claims raised here, *viz*., Fraud, Tortious Interference, Fraudulent Concealment, Civil Conspiracy and 18 U.S.C. § 241. (25-1400, Doc. 1). The factual allegations in *Tufano II* and the instant case are similar in that Plaintiff alleged there, as he does here, that the Defendants are secret society members who conspired against him to fraudulently obtain a judgment against him in the SDNY case. While Judge Nelson is not named as a Defendant in *Tufano II*, Plaintiff alleged there, as he does here, "Judge Roman Stephen Nelson ignored the blatant legal malpractice being committed against Frank Tufano by both his own lawyer and Paul Saladino's counsel." (*Id*. at p. 9, ¶ 52). Plaintiff also

made the same allegations against White Plains Lodge # 473 as being the place "where conversations pertaining this case likely occurred." (*Id*. at p. 6, ¶ 34). The gravamen of the instant Complaint was raised in *Tufano II*. There, Plaintiff alleged:

> Associates of the case "Saladino, MD v. Frank Tufano No. :2020cv09346," agreed in secrecy to plan all decisions against Frank Tufano in favor of Paul Saladino, MD. Attorneys for Plaintiff Paul Saladino and Frank Tufano's own attorney, likely met in secret meetings, held to their Freemason, Illuminati, or Secret Society Oaths, loyalty to a greater cause than the court to collude against Frank Tufano and strip him of his right to fair judicial process.

(25-CV-1400, Doc. 1, p. 8, ¶ 45). As relief, Plaintiff also sought a stay in the SDNY case. All of the claims raised in *Tufano* II – including the identical claims raised here – were addressed on the merits and dismissed with prejudice by Order dated March 20, 2026. (*Id*. Doc. 9).

*Tufano III*, 4:25-CV-1960, was filed while *Tufano II* was still pending. In *Tufano III*, Plaintiff again sued Paul Saladino, M.D., Jeffery Davis, Esq., David Lin. Esq., White Plains Lodge #473 and The Illuminati and added Judge Mehalchick and Union Lodge #291 as defendants. Plaintiff again claimed, *inter alia*, that Saladino stole Tufano's life work and that the Defendants conspired against him in the

SDNY case. Tufano alleged there, as he does here, that "Judge Roman Stephen Nelson ignored the blatant legal malpractice being committed against Frank Tufano by both is lawyer and Paul Saladino's counsel." (25-CV-1960, Doc.1, p. 11, ¶ 60). He also sought a stay of the SDNY civil case, "Saladino, MD v. Frank Tufano No. 7:2020cv09346." Judge Mehalchick, was sued because she dismissed *Tufano I.* Because Judge Mehalchick is a resident of Pennsylvania, complete diversity jurisdiction did not exist, and therefore *Tufano III* was dismissed without prejudice for lack of jurisdiction. (*Id*., Doc. 7).

### 3. ***Claim Preclusion Applies***

Claim preclusion, also referred to as *res judicata*, protects defendants from the risk of "repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (quoting *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011) (internal citations omitted)). But in addition to protecting the interests of defendants, claim preclusion also promotes public interest and conserves scares judicial resources. See *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 147 (2015) ("The idea is

straightforward: Once a court has decided an issue, it is forever settled as between the parties thereby protecting against the expense and vexation attending multiple lawsuits conserving judicial resources, and fostering reliance on judicial action by minimizing the possibility of inconsistent verdicts.") (cleaned up).

The prior judgment's preclusive effect extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have asserted in the previous lawsuit. *See In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). This is because a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together. *Mars, Inc. v. Nippon Conlux Kabushiki–Kaisha,* 58 F.3d 616, 619–620 (Fed. Cir. 1995) (citing Restatement (Second) of Judgments § 24(2) (1984) and *Gregory v. Chehi,* 843 F.2d 111, 117 (3d Cir. 1988)).

Claim preclusion consists of three elements: (1) a final judgment on the merits in a prior suit; (2) a subsequent suit based on the same

cause of action; and (3) involvement of the same parties or their privies in both suits. *Ndungu v. Att'y Gen.*, 126 F.4th 150, 165 (3d Cir. 2025).

Here, all of the elements for claim preclusion to apply are met. In *Tufano II* the same claims raised here were addressed on their merits and they were dismissed with prejudice. The claims raised in *Tufano II* are identical to those presented here. Paul Saladini, Jeffrey Davis, David D. Lin and White Plains Lodge #473 were also defendants in *Tufano II*. In *Tufano II*, the Plaintiff alleged that Saladino, Davis and Lin conspired with each other and court officials to obtain a fraudulent judgment against him in the Southern District of New York in the case of *Saladino v. Tufano*, et al., Civ. No. 7:20-CV-9346. *Tufano II* alleged that the conspirators—secret society members acting in according with secret society beliefs—likely met at White Plains Lodge #473. The claims and Defendants in *Tufano II* are identical to those raised here. The only difference here is that the Plaintiff named the judges involved in the SDNY case as defendants, whereas in *Tufano II* allegations against Judge Nelson were made but he was not a party to that action. Plaintiff may not avoid the preclusive effect of *Tufano II* by bringing the exact claim against Saladino, Davis, Lin and the Lodge by simply

naming other members of the alleged conspiracy that was the subject of *Tufano II*.

Accordingly, the claims against Defendants Saladino, Davis, Lin and White Plains Lodge #473 should also be dismissed with prejudice.

**E. Leave to Amend**

The Third Circuit has voiced a strong preference for allowing the filing of an amended complaint in cases where the original complaint is subject to dismissal. In *Montanez v. Price*, 154 F.4th 127, 153 (3d Cir. 2025), the Court instructed:

> Federal Rule of Civil Procedure 15(a)(2) directs courts to grant motions for leave to amend "when justice so requires." So leave to amend should be liberally given unless amendment would be inequitable or futile. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *Phillips*, 515 F.3d at 245. And because courts have a special obligation to be "more forgiving of pro se litigants," *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019), this Circuit has a "longstanding policy of allowing pro se plaintiffs to amend their complaints before the court rules upon defendants' motions to dismiss," *Roman v. Jeffes*, 904 F.2d 192, 196 n.8 (3d Cir. 1990) (collecting cases).

Leave to amend in this case, however, would be futile for numerous reasons. The Judicial Defendants, as subjects to absolute immunity

and amendment, would not alter that conclusion. Similarly, because the Plaintiff seeks to bring a cause of action based on a criminal statute that does not provide for a private remedy, amendment would not alter that outcome. Moreover, all of Plaintiff's claims against Saladino, Davis, Line and White Plains Lodge have already been adjudicated on the merits and dismissed without prejudice. Plaintiff may not assert them yet again. Accordingly, it is recommended that leave to amend not be granted.

## V. Conclusion

Frank Tufano believes that Paul Saladino stole Tufano's life's work and conspired against him along with fellow members of secret societies. He maintains that part of the conspiracy against him was the obtaining of a fraudulent judgment in the Southern District of New York. Plaintiff has now brought the identical claim in this Court four times. However, these claims have previously decided and the latest attempt to recharacterize the same claims must fail. As previously explained to Plaintiff, if he is dissatisfied with outcome of his case in the Southern District of New York, his remedy is in that Court of in the

Court of Appeals for the Second Circuit. Attempts to revive the claims here are futile.

## VI. Recommendation

For the foregoing reasons, it is respectfully recommended that:

1) The Motion to Dismiss filed by Defendants Judith C. McCarthy and Roman Stephen Nelson (Doc. 3) be **GRANTED** and the claims against them dismissed with prejudice;

2) The Motion to Dismiss filed by Defendant White Plains Lodge #473 be **GRANTED** and claims against it be dismissed with prejudice;

3) The claims against Defendant Saladino, Davis and Lin be **DISMISSED** with prejudice based on claim preclusion;

4) Leave to amend not be granted, and;

5) The Clerk of Court directed to CLOSE this case.

Dated: August 12, 2026

**/s/ Leo A. Latella**
Leo A. Latella
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANK TUFANO<br>Plaintiff,<br>v.<br>ROMAN STEPHEN NELSON, et al.,<br>Defendants. | CIVIL NO. 3:26-CV-542<br><br>(Magistrate Judge Latella) |

**NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 12, 2026**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The

briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: August 12, 2026**

***s/ Leo A. Latella***
**LEO A. LATELLA**
**United States Magistrate Judge**