**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANK TUFANO,** <br> **Plaintiff** <br><br> **v.** <br><br> **ROMAN STEPHEN NELSON, *et al.*** <br> **Defendants** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **No. 3:26cv542** <br><br> **(Judge Munley)** |

## ORDER

Before the court is a report and recommendation ("R&R") by United States Magistrate Judge Leo A. Latella, which recommends that two motions to dismiss be granted. (Doc. 15). Magistrate Judge Latella also recommends that the court dismiss the remaining defendants from this action based on the principles of claim preclusion. Id. at 20–26. The R&R concludes that providing the plaintiff with leave to amend would be futile because certain defendants enjoy judicial immunity and the claims against the remaining defendants are impacted by *res judicata*. Id. at 27–31.

Also before the court is Plaintiff Frank Tufano's motion to strike the R&R, (Doc. 16), which the court construes as a timely filed objection under the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(B)–(C). The objection asserts:

> 1. Frank Tufano requests this report and recommendation be struck as a jury trial was requested in the initial

> complaint, and due process has not been granted, with brief in support (sic).

(Doc. 16).

Magistrate Judge Latella issued the R&R on August 12, 2026. Despite referencing a brief in support, plaintiff has not filed a brief in support. The 14 days for objections ordinarily provided by 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(2) has passed. The R&R and Tufano's ephemeral objection are ripe for disposition.

After the issuance of an R&R, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To obtain *de novo* determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984) (per curiam). Where there is no objection to a specific portion of the report, a word-for-word examination of the proceedings before the Magistrate Judge is not required. Id.

Tufano has not objected to any specific portion of the R&R. Rather, he asserts, in an overarching manner, that the R&R infringes on his Fifth Amendment right to due process of law and his Seventh Amendment right to a jury trial. Such an assertion is a general objection to the R&R and does not trigger *de novo* review.

Rather, the court takes Tufano's objections as they are, and they are without merit. As for plaintiff's claim of a due process violation, the magistrate judge is an integral part of this court. In re MTE Holdings LLC, 136 F.4th 506, 514 (3d Cir. 2025). He was appointed by the Article III judges of this district and "may not conduct any proceeding in a civil matter unless '[specially] designated to exercise such jurisdiction by the district court or courts he serves.'" Wharton-Thomas v. United States, 721 F.2d 922, 927 (3d Cir. 1983) (quoting 28 U.S.C. § 636(c)). This matter was referred to Magistrate Judge Latella as permitted by 28 U.S.C. § 636(b)(1)(B). He issued legal recommendations in accordance with the same statutory provision. Under 28 U.S.C. § 636(b)(1)(C), Tufano had the ability to make specific objections to the R&R, but he did not do so.

The Federal Magistrates Act also limits the circumstances under which matters may be finally resolved by magistrate judges. Burton v. Schamp, 25 F.4th 198, 206 (3d Cir. 2022). As this case is postured, the undersigned, not the magistrate judge, has the final say as to whether it is legally appropriate to dismiss the plaintiff's claims with prejudice or to reject or modify the proposed findings. United States v. Raddatz, 447 U.S. 667, 680 (1980); see also E.E.O.C. v. City of Long Branch, 866 F.3d 93, 100 (3d Cir. 2017). Consequently, Tufano's due process rights have been adequately protected by the procedures invoked in this case.

As for Tufano's reference to his Seventh Amendment right to a jury trial in his objections, this is not a fresh argument from the plaintiff. Tufano v. Fenix Internet LLC, No. 3:24-CV-01115, 2024 WL 4774878, at *1 (M.D. Pa. Nov. 13, 2024) (Saporito, J.) (citations omitted)). "The Seventh Amendment preserves the right to a jury trial in cases where there are issues of fact to be determined." McArdle v. Verizon Commc'ns Inc., 567 F. App'x 116, 119 (3d Cir. 2014) (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 336 (1979)). Where it is determined that a complaint fails to state a legally cognizable claim, this "legal determination does not invade the province of the jury and, therefore, does not violate [plaintiff's] Seventh Amendment rights." Id. Additionally, a determination that certain claims are barred by the law of res judicata or collateral estoppel is "not repugnant to the Seventh Amendment[.]" Parklane Hosiery Co., 439 U.S. at 337.

The above general objection aside, the R&R prompts the court to provide "some reasoned consideration" of the dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also FED. R. CIV. P. 72, NOTES OF ADVISORY COMMITTEE ON RULES—1983 ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Following a review of the record of this case and the cases cited by the R&R in support of the

application of *res judicata*, the court sees no clear error in the legal recommendations made by Magistrate Judge Latella, and it would not be a manifest injustice to grant the motions to dismiss, apply *res judicata*, and dismiss Tufano's action with prejudice as recommended. The United States District Court Judge and United States Magistrate Judge named as defendants in this case are immune. It is also appropriate to apply *res judicata* on the court's own motion to address claims that have been addressed on their merits and dismissed on three prior occasions.[1]

Accordingly, it is hereby **ORDERED** as follows:

1) Tufano's motion to strike, (Doc. 16), construed as an objection to the R&R, is **DENIED**;

2) The R&R, (Doc. 15), is **ADOPTED** in its entirety;

---

[1] "It can be 'appropriate in special circumstances' for a court to address a preclusion argument *sua sponte*." Herrera v. Wyoming, 587 U.S. 329, 348, n. 5 (2019) (quoting Arizona v. California, 530 U.S. 392, 412 (2000)); see also United States v. 5 Unlabeled Boxes, 572 F.3d 169, 175 (3d Cir. 2009). Those special circumstances include where the court is "on notice that it has previously decided the issue presented . . . even though the defense has not been raised[.]" Arizona, 530 U.S. at 412 (quoting United States v. Sioux Nation, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting)). Moreover, "[t]his result is fully consistent with the policies underlying *res judicata*, in that it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." Id.

3) The motion to dismiss filed by Defendants Roman Stephen Nelson and Judith C. McCarthy, (Doc. 3), is **GRANTED** and the claims against them are **DISMISSED** with prejudice;

4) The motion to dismiss filed by Defendant White Plains Lodge #473, (Doc. 11) is **GRANTED** and the claims against that defendant are **DISMISSED** with prejudice;

5) The claims against Defendants Paul Saladino, M.D., Jeffrey Davis, Esq., and David D. Lin, Esq. are **DISMISSED** with prejudice due to the preclusive effect of the orders entered in Tufano v. Saladino, No. 3:25-CV-262, 2025 WL 5100589 (M.D. Pa. Feb. 28, 2025), report and recommendation adopted, 2025 WL 5100590 (M.D. Pa. Apr. 29, 2025) (Mehalchick, J.); Tufano v. Saladino, No. 3:25-CV-1400, 2026 WL 796584 (M.D. Pa. Feb. 3, 2026), report and recommendation adopted, 2026 WL 793305 (M.D. Pa. Mar. 20, 2026) (Mariani, J.); and Tufano v. Saladino, No. 4:25-CV-1960, 2025 WL 4102909 (M.D. Pa. Dec. 23, 2025), report and recommendation adopted, No. 4:25-CV-01960, 2026 WL 288410 (M.D. Pa. Feb. 3, 2026) (Brann, C.J.); and

6) The Clerk of Court is directed to close this case.

Date: 9/1/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court